750

[No. 66248-1-I.   Division One.   August 6, 2012.]

THE STATE OF WASHINGTON, *Respondent*, v. PEDRO ENRIQUE POLO, *Appellant*.

*Jennifer M. Winkler* (of *Nielsen, Broman & Koch PLLC*) and *Jennifer L. Dobson*, for appellant.

*David S. McEachran, Prosecuting Attorney*, and *Eric J. Richey* and *Kimberly Anne Thulin, Deputies*, for respondent.

¶1 SCHINDLER, J. — Pedro Enrique Polo appeals his conviction of possession of a stolen vehicle. In the first trial, a jury convicted Polo of possession of a stolen vehicle and driving under the influence (DUI). On appeal, the State

conceded the conviction of possession of a stolen vehicle should be dismissed without prejudice. We accepted the State's concession, reversed the conviction, and remanded.[1] On remand, the State filed an amended information charging Polo with possession of a stolen vehicle. Over the repeated objection of the defense during the second trial, the court allowed the State to rely on the prior DUI conviction to establish that Polo was in possession of the stolen vehicle. We hold the court impermissibly relieved the State of proving an essential element of the crime of possession of a stolen vehicle, and reverse and remand.

## FACTS

*First Trial*

¶2 On March 30, 2009, the State charged Polo with possession of a stolen vehicle in violation of RCW 9A.56.068 and DUI in violation of RCW 46.61.502(1). Polo pleaded not guilty. The State called a number of witnesses to testify. The jury convicted Polo of possession of a stolen vehicle and DUI. The court entered the judgment and sentence on April 6, 2009.

¶3 On appeal, Polo argued that the information did not allege an essential element of the crime of possession of a stolen vehicle, and the judgment and sentence inaccurately stated that the DUI conviction was a felony for purposes of license revocation under RCW 46.20.285. The State conceded the information did not allege the essential element of knowledge and the conviction should be dismissed without prejudice. The State also conceded the judgment and sentence erroneously states that the DUI is a felony. We accepted the State's concessions, reversed the conviction for

---

[1] *State v. Polo*, noted at 155 Wn. App. 1044, 2010 WL 1746749, 2010 Wash. App. LEXIS 898.

possession of a stolen motor vehicle without prejudice, and remanded.[2]

*Second Trial*

¶4 On remand, the State filed an amended information charging Polo with possession of a stolen vehicle in violation of RCW 9A.56.068. The State alleged that on January 24, 2009, Polo "did knowingly possess a stolen vehicle to wit: 2003 Chevy K1 pickup, knowing that it had been stolen." Polo pleaded not guilty. The court scheduled the trial to begin on November 12, 2010.

¶5 On the first day of trial, the State filed a motion to instruct the jury that "the defendant was the driver of the motor vehicle in question." The State argued that the doctrine of collateral estoppel prevented relitigation of the fact that Polo "was convicted of driving the motor vehicle[,] putting him in actual control of the vehicle and establishing the fact that he possessed the vehicle."

¶6 At the beginning of the trial, the prosecutor asked the court to rule on the motion, stating, "I think we'll be able to save the county some money if the court rules in my favor." The prosecutor told the court:

> [T]his was a huge circumstantial evidence case to show the defendant was driving. That was the whole gist of this case. I had to put forth three lay witnesses, a dog tracker, three deputies. It was really something. That's the conclusion [the jury] came to.

¶7 The defense objected to allowing the State to use the prior DUI conviction to establish possession of the stolen vehicle.

> [DEFENSE COUNSEL]: . . . But this is a drunk driving case and suddenly we are going to now take a new jury and what are we going to tell them we have established, that he was driving. How do you do that?

---

[2] *Polo*, 2010 WL 1746749, at *1, 2010 Wash. App. LEXIS 898, at *1-2.

THE COURT: He was in possession of the vehicle.

[DEFENSE COUNSEL]: How are they going to do that? Some other jury decided that. He is not going to be stipulating to that.

¶8 In response to the defense objection, the court stated that as a matter of law the conviction established Polo "was in possession of the vehicle that he was driving." The court then stated it would instruct the jury accordingly, but the State had the burden of proving the vehicle was stolen.

No. The court would just instruct the jury that the court as a matter of law has found that the defendant was in possession of the vehicle that he was driving. Then the State has the burden of proving that the vehicle he was driving was in fact a vehicle that was stolen.

¶9 The prosecutor agreed with the court. The prosecutor said that the State planned to introduce into evidence the DUI judgment and sentence, and then call Whatcom County Sherriff Deputy Michelle Boyd and the owner of the truck to establish the vehicle was stolen.

Yes, Your Honor. I intend to do so with having testimony from the victim, the owner of the vehicle, as well as Michelle Boyd to testify. [Polo] was found guilty of driving that automobile. Those were the facts. That was litigated and that was the issue decided by that jury.

Counsel asked about previous convictions and how that would apply. I looked at a lot of case law and there were some cases that looked at, well, you know, a parole board if they decide that the person has violated this condition and that's also a criminal charge, should that be collateral estoppel to show this guy committed this new crime? And the answer is yes. The Court of Appeals didn't want to set a policy, they felt it was bad policy to have a parole board make a finding instead of a jury.

¶10 The defense attorney objected and pointed out that the prior judgment and sentence did not support the determination that Polo was driving the 2003 Chevy K1 pickup truck.

There's no finding in the record that [Polo] was driving a Mack truck, a VW [Volkswagon], anything. That judgment says he was driving a motor vehicle under the influence or while impaired by alcohol or drugs. That judgment technically doesn't say he was driving that particular vehicle.

The court granted the State's motion to instruct the jury that as a matter of law, the DUI conviction established Polo was in possession of the 2003 Chevy K1 pickup truck.

¶11 When the trial reconvened, the defense attorney argued that instructing the jury that the DUI conviction established possession of the pickup truck would be an improper comment on the evidence. Defense counsel also argued that the instruction relieved the State of the burden of proving an essential element of the crime of possession of a stolen vehicle.

[Polo] is entitled to have every element of the charge proved beyond a reasonable doubt. The ruling says that element does not have to be proved again at this trial. I think that's the problem for this. I think every time I have heard you advise the jury that federal judges have the right to comment on the evidence; they're going to see this as a comment on the evidence. This is an issue that he has to prove and they're going to hear from the court it's been proved. They're not going to know exactly why that is but they're going to hear it from the court. They're not going to hear it from the State. I don't think that's appropriate in this case. I don't think it's appropriate in any criminal trial. And I'll just say it to throw everything into the basket here, if he can't try that element, that element's foreclosed, then what's his confrontation right? All his rights he had in the last trial but I think the State is begging for appellate problems in this case by going this way.

¶12 As an alternative, the State proposed that for purposes of "collateral estoppel," the prior judgment and sentence for the DUI conviction would be admitted into evi-

dence,[3] and Deputy Boyd would testify that the DUI conviction established Polo was driving the 2003 Chevy K1 pickup truck.[4]

> Judge, we left off, I think, with a question about how does this work with both collateral estoppel and commenting on the evidence. . . .
>
> But I do have another idea. I'm going to ask that the court allow us to admit the previous J&S [(judgment and sentence)]. The previous J&S has both DUI and possession of a stolen vehicle as a conviction. I will change that. . . .
>
> Now, it would be admissible as a prior court record and it's relevant because it would be helpful for collateral estoppel and would not be a comment on the evidence. . . .
>
> It is collateral estoppel. That's what makes it relevant. But we are not asking the court to comment on the evidence. We are asking to admit the J&S that would include the DUI only and have Deputy Boyd talk about why that is important in order to put it all in context.

¶13 The court agreed with the State's approach and the request to admit the DUI conviction and allow Deputy Boyd to testify about the conviction to establish possession of the vehicle.

> [The prosecutor] intends to prove possession through the conviction. . . . He would not go forward with . . . asking the court to instruct the jury that the defendant was driving on that day, or in possession of the vehicle. . . . So he is removing any need for the court to make a comment in any[ ]way . . . . I'm going to let the State do what it says.

¶14 After the noon recess, defense counsel argued that admission of the prior conviction was not relevant and the

---

[3] To convict Polo of DUI, the State had the burden of proving beyond a reasonable doubt that "on or about (date), the defendant [drove] [or] [had actual physical control of] a motor vehicle." 11A WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 92.02, at 274 (3d ed. 2008) (alterations in original).

[4] Defense counsel asked whether Deputy Boyd would "be saying [Polo] was driving this vehicle and he was convicted?" The prosecutor replied, "Yes."

proposal to call Deputy Boyd to testify about the conviction was improper.

> The other problem is they will now hear evidence of a bad act. You wouldn't allow a drunk driving conviction come in here if it was just in his record; now we will bring in a conviction here that's not relevant to this case. . . .

> And the third thing I mentioned before, either Sergeant Flynn but more likely Deputy Boyd is going to be telling this jury what that verdict meant. What right does she have to do that?

> . . . When you're dealing with prejudice and probative values you also deal with how else can the State prove this. Can they prove it in a way that has zero prejudice to the defendant? Yes. Bring in the witnesses. They have decided that's too burdensome for them to do. I don't think that's a permissible way of saying we need this alternative way, otherwise we can't get in this evidence. Surely they can bring in the evidence. They don't need to bring my client's conviction into the record or have anybody opining what that means.

¶15 The court ruled that the State was entitled to introduce evidence about the prior conviction based on the doctrine of collateral estoppel and that "[t]he probative value outweighs any prejudice of a conviction in the State presenting its case."[5]

> And the collateral estoppel aspect that we have already discussed in this court's view is going to permit the State to proceed in the manner in which they propose and there won't be any comment on the evidence that I will be making and that takes away the concern that was voiced. And I doubt either one of you would find any case law on it but that eliminates the conflicting aspect of collateral estoppel versus the court commenting on the evidence.

¶16 The prosecutor then asserted that the doctrine of collateral estoppel also precluded the defense from arguing that Polo was not driving the 2003 Chevy K1 pickup truck.

---

[5] The court did not address relevancy or engage in the analysis required under ER 404(b).

The point is we are going to be presenting the J&S rather than having Your Honor comment on the evidence. That was defendant's objection to our earlier proposal. Anyway, it's my position, based on collateral estoppel, that the defendant should not be allowed to argue that he was not driving, counsel should not be able to argue that.

In response, the court ruled:

[Defense counsel] may argue what the evidence is through [his] client's testimony he was not driving but you cannot, I don't think you can come to the conclusion that he was not driving, the ultimate fact. . . . Yes. [The prosecutor] has to prove the elements of the possession and he is going to prove it by reason of the conviction.

¶17 Deputy Boyd and the owner of the 2003 Chevy K1 pickup truck, Brian Zender, were the only witnesses the State called to testify at trial. Deputy Boyd testified that at approximately 1:40 a.m. on Saturday, January 24, 2009, she received a report of a collision near a convenience store located at Slater Road and Pacific Highway. When Deputy Boyd arrived approximately 10 minutes later, she saw a pickup truck had crashed into a tree. The air bags in the truck had deployed and the windshield was shattered. Sergeant Larry Flynn and Polo were standing approximately 50 to 75 yards away from the crash by the side of the road. Deputy Boyd testified that the 2003 Chevy K1 pickup truck involved in the collision was registered to an equipment rental business owned by Brian Zender and his brother.

¶18 Deputy Boyd testified that Polo appeared intoxicated, and he had blood on his clothing and abrasions on his nose and wrist. Deputy Boyd also noticed what she said appeared to be glass fragments in the stocking cap with a Volvo logo that Polo was wearing.

¶19 Deputy Boyd testified that after she read Polo his *Miranda*[6] rights and placed him under arrest, Polo said that he was not driving the pickup truck. Polo told Deputy Boyd that while he was walking along Pacific Highway, he saw the truck drive past him and crash into the tree. Polo admitted drinking three 24-ounce cans of beer that night and said that he was injured earlier that night during a fight with his girl friend.

¶20 Over the objection of the defense, the court allowed the State to introduce into evidence a redacted copy of the judgment and sentence entered on April 6, 2009, exhibit 25. The judgment and sentence shows that Polo was found guilty of DUI on January 24, 2009 in violation of RCW 46.61.502(1). Deputy Boyd testified that "after completing this investigation [and] collecting the evidence," Polo was charged and convicted of DUI, and the DUI judgment and sentence established that Polo was convicted of driving the 2003 Chevy K1 pickup truck. Deputy Boyd testified, in pertinent part:

Q  I'm going to show you what's been marked as Plaintiff's Exhibit 25; do you recognize this?

A  Yes.

Q  What is that?

A  It's a J&S.

Q  What's a J&S?

A  Judgment and Sentence.

Q  The DUI that the defendant was charged with, was that for driving the truck that we have been talking about?

A  Yes.

Q  You charged him with that; is that correct?

A  The prosecutor's office charged him with that.

Q  You provided the report?

A  Correct.

---

[6] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

Q  You have personal knowledge that the prosecutor's office charged him with this crime; is that correct?

A  Yes.

Q  You have personal knowledge that the defendant was convicted of this crime; is that correct?

A  That's correct.

Q  That was for driving the truck that we are talking about on this date that resulted in this crash; is that correct?

A  That's correct.

Q  And this is the J&S that reflects that; is that correct?

A  That is correct.

[PROSECUTOR]: State moves to admit Plaintiff's Exhibit 25.

[DEFENSE COUNSEL]: Objection, Your Honor.

THE COURT: And the objection is as previously stated?

[DEFENSE COUNSEL]: As previously stated.

THE COURT: That objection is overruled. Exhibit 25 is admitted.

¶21 Brian Zender testified that the 2003 Chevy K1 pickup truck belonged to the equipment rental business he owned with his brother. Zender testified that the keys were sometimes left in the ignition, and there was a "hide-a-key" in the truck. Zender said that the last time he saw the 2003 Chevy truck, it was parked in front of the business. Zender identified the stocking cap with the Volvo logo as belonging to his brother. Zender testified that he did not give anyone permission to use the pickup truck.

¶22 The court instructed the jury on the elements of the crime of possession of a stolen motor vehicle:

To convict the defendant of the crime of possessing a stolen motor vehicle, each of the following elements of the crime must be proved beyond a reasonable doubt:

(1)  That on or about the 24th day of January, 2009, the defendant knowingly possessed a stolen motor vehicle;

(2) That the defendant acted with knowledge that the motor vehicle had been stolen;

(3) That the defendant withheld or appropriated the motor vehicle to the use of someone other than the true owner or person entitled thereto;

(4) That any of these acts occurred in the State of Washington.

If you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty.

On the other hand, if, after weighing all the evidence, you have a reasonable doubt as to any one of these elements, then it will be your duty to return a verdict of not guilty.

¶23 A jury instruction defines "possession" as follows:

Possession means having an item in one's custody or control. It may be either actual or constructive. Actual possession occurs when the item is in the actual physical custody of the person charged with possession. Constructive possession occurs when there is no actual physical possession but there is dominion and control over the substance. Dominion and control need not be exclusive to establish constructive possession.

¶24 During closing argument, the prosecutor addressed the elements of the crime of possession of a stolen vehicle and told the jury that the DUI conviction established that on January 24, 2009, Polo knowingly possessed the 2003 Chevy K1 pickup truck.

So the first element, that on or about the 24th day of January 2009, the defendant knowingly possessed a stolen motor vehicle. So let's talk about that because there are several little pieces in there in that one element.

The first one I want to talk to you about is possession. Possession means having an item in one's custody or control. Well, we know the defendant had that motor vehicle in his possession or control. We know he did. And the reason you know that, besides all the evidence that would show that he was the guy that was possessing that vehicle, I'm talking about

the coats and blood and things that show he was there at the scene and things like that, the hat, *aside from all of those things the defendant is guilty of driving under the influence, driving that vehicle. That means possession. That means he was driving, he possessed that motor vehicle. Flat out. No questions about that. Not really an issue for you folks. That's a gimme.*[7]

¶25 The defense argued that the State did not prove beyond a reasonable doubt that Polo knew the pickup truck was stolen. The jury convicted Polo of possession of a stolen vehicle.

## ANALYSIS

¶26 Polo contends the court erred in relying on the doctrine of collateral estoppel in violation of his constitutional right to a jury trial on each element of the crime of possession of a stolen vehicle. Polo asserts that admission of the DUI judgment and sentence and Deputy Boyd's testimony that the prior conviction established the element of possession of a stolen motor vehicle impermissibly relieved the State of the burden of proving each element of the crime. The State contends that because the judgment and sentence "was not conclusive as to whether Polo was in unlawful 'possession' of the stolen vehicle at the time and place in question," the jury could accept or reject that evidence.

■ ■ ¶27 The State has the burden of proving the elements of a crime beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970); *State v. Borrero*, 147 Wn.2d 353, 364, 58 P.3d 245 (2002). Under the Fourteenth and the Sixth Amendments to the United States Constitution, and article I, section 21 of the Washington State Constitution, a criminal defendant is entitled to " 'a jury determination that [he] is guilty of every element of the crime with which he is charged, beyond a

[7] (Emphasis added.)

reasonable doubt.' " *Apprendi v. New Jersey*, 530 U.S. 466, 477, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000)[8] (quoting *United States v. Gaudin*, 515 U.S. 506, 510, 115 S. Ct. 2310, 132 L. Ed. 2d 444 (1995)).

¶28 The record shows that the trial court allowed the State to use the prior DUI judgment and sentence and the testimony of Deputy Boyd to establish the essential element of possession of the stolen 2003 Chevy K1 pickup truck. Because the requirements for the doctrine of collateral estoppel were not met, we hold that the admission of that evidence impermissibly relieved the State of proving an essential element of the crime.

¶29 In *State v. Harrison*, 148 Wn.2d 550, 61 P.3d 1104 (2003), our Supreme Court held that collateral estoppel applies in criminal cases. Collateral estoppel "precludes the same parties from relitigating issues actually raised and resolved by a former verdict and judgment." *Harrison*, 148 Wn.2d at 560-61. The policy behind the doctrine is to prevent relitigation of an issue after the party against whom the doctrine is applied had a full and fair opportunity to litigate the case. *Harrison*, 148 Wn.2d at 561.

> The courts apply the doctrine in order "to avoid indefinite relitigation of the same issue, to obtain consistent results in the same litigation, to afford one opportunity for argument and decision of the matter at issue, and to assure the obedience of lower courts to the decisions of appellate courts."

*Harrison*, 148 Wn.2d at 562 (quoting 5 AM. JUR. 2D *Appellate Review* § 605 (2d ed. 1995)). The doctrine of collateral estoppel "is not to be applied with a 'hypertechnical' approach but rather, 'with realism and rationality.' " *Harrison*, 148 Wn.2d at 561 (quoting *Ashe v. Swenson*, 397 U.S. 436, 444, 90 S. Ct. 1189, 25 L. Ed. 2d 469 (1970)).

¶30 In order for collateral estoppel to apply, all of the following requirements must be met: (1) the issue in the

---

[8] (Alteration in original.)

prior adjudication is identical, (2) the prior adjudication is a final judgment on the merits, (3) the party against whom the doctrine is asserted was party to or in privity with a party to the prior adjudication, and (4) barring the relitigation of the issue will not work an injustice on the party against whom the doctrine is applied. *Harrison*, 148 Wn.2d at 561. The party asserting collateral estoppel bears the burden of proof. *State v. Gary J.E.*, 99 Wn. App. 258, 262, 991 P.2d 1220 (2000).

¶31 The first element of the test is not met in this case. The essential elements and facts necessary to convict Polo of DUI are not identical to the essential elements the State must prove in order to convict him of possession of a stolen vehicle.

¶32 To convict Polo of driving while under the influence of intoxicating liquor or drugs, the State must prove beyond a reasonable doubt that on January 24, 2009, he was driving *a* motor vehicle while under the influence. RCW 46.61.502(1); 11A WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 92.02, at 274 (3d ed. 2008).

¶33 By contrast, to convict Polo of possession of a stolen vehicle, the State had the burden of proving beyond a reasonable doubt that on January 24, 2009, Polo knowingly possessed a stolen motor vehicle, withheld or appropriated *the* motor vehicle from the true owner or person entitled thereto, and acted with knowledge that *the* motor vehicle was stolen.

¶34 Because the doctrine of collateral estoppel did not apply, the court erred in allowing the State to introduce the prior DUI judgment and sentence and the testimony of Deputy Boyd to establish that Polo was in possession of the stolen 2003 Chevy K1 pickup truck.[9]

---

[9] Because the requirements of collateral estoppel were not met, we need not address Polo's argument that the prosecutor's use of collateral estoppel to establish an element of the crime violates his constitutional right to a jury trial. *See United States v. Pelullo*, 14 F.3d 881, 888-89 (3d Cir. 1994) (the court erred by admitting defendant's prior conviction and instructing the jury that the prior

¶35 We hold that the error was not harmless, and reverse and remand.[10]

BECKER and LAU, JJ., concur.

---

conviction established as a matter of law an element of the charged offense); *State v. Ingenito*, 87 N.J. 204, 213, 220, 432 A. 2d 912 (1981) (because the State used the prior conviction as the sole evidence to establish the element of possession, "an essential element [was] presented as concluded or settled, effectively withholding from the jury crucial underlying facts, [and] the jury's capacity to discharge fully its paramount deliberative and decisional responsibilities [was] irretrievably compromised"). *But cf. United States v. Arnett*, 327 F.3d 845, 848, 850-51 (9th Cir. 2003) (use of collateral estoppel against a defendant to establish a fact is permissible but recognized that its holding does not address whether the doctrine can be used to establish an essential element of the crime).

[10] The State concedes that it did not correct a scrivener's error in the judgment and sentence entered on April 6, 2009. The judgment and sentence erroneously states that the DUI conviction is a felony for purposes of license revocation under RCW 46.20.285. On remand, the court shall amend the judgment and sentence to correct the error.