[Nos. 10611–2–I; 10612–1–I.   Division One.   January 31, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. RICKY
LEE FORD, *Appellant.*

*Julie Kesler* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Ruth Robinson, Deputy,* for respondent.

SWANSON, J.—Ricky Lee Ford was convicted of taking and riding and malicious mischief. His appeals raise issues concerning jurisdiction and the sufficiency of the evidence to support the charges. We affirm the conviction for taking and riding and reverse the conviction for malicious mischief.

On February 18, 1981, Ford was stopped while driving a car later determined to have been stolen. The information charged Ford with taking *and* riding. He now argues that the wording of the information requires the State to prove that he took the vehicle as well as rode in it.

The information reads, in part, as follows:

> Ricky Lee Ford . . . did intentionally and without permission . . . take and drive away a motor vehicle . . . *and* with knowledge that such motor vehicle had been unlawfully taken did voluntarily ride in . . . such motor vehicle.

RCW 9A.56.070 reads as follows:

> Taking motor vehicle without permission. (1) Every person who shall without the permission of the owner or person entitled to the possession thereof intentionally take or drive away any automobile or motor vehicle, whether propelled by steam, electricity, or internal combustion engine, the property of another, shall be deemed guilty of a felony, and every person voluntarily riding in or upon said automobile or motor vehicle with knowledge of the fact that the same was unlawfully taken shall be equally guilty with the person taking or driving said automobile or motor vehicle and shall be deemed guilty of taking a motor vehicle without permission.

Ford argues that since the State used the conjunctive "and," it must prove both the taking and the riding.

■ Acts described in a penal statute in the alternative or disjunctive may be pleaded in the conjunctive. Proof

that the crime was committed in any one of several nonrepugnant ways or means will support a conviction. *State v. Dixon,* 78 Wn.2d 796, 802–03, 479 P.2d 931 (1971). *State v. Metcalf,* 14 Wn. App. 232, 540 P.2d 459 (1975). The State is only required to prove either a taking or riding even though the information uses the conjunctive.

Ford also argues that there is insufficient evidence to support a finding that he was riding in the vehicle with knowledge that it had been unlawfully taken.

■■ In determining a sufficiency of the evidence question this court must review the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Green,* 94 Wn.2d 216, 221, 616 P.2d 628 (1980). Although bare possession of recently stolen property will not support the assumption that a person knew the property was stolen, that fact plus slight corroborative evidence of other inculpatory circumstances tending to show guilt will support a conviction. *State v. Couet,* 71 Wn.2d 773, 775–76, 430 P.2d 974 (1967). Knowledge may not be presumed because a reasonable person would have knowledge under similar circumstances, but such knowledge may be inferred. *State v. Shipp,* 93 Wn.2d 510, 516, 610 P.2d 1322 (1980).

Ford was apprehended in a car taken either that day or the day prior. Although he admitted he did not know who owned the car, he offered no explanation for his possession of it. From these facts, the trial court could infer that Ford had knowledge that the car had been unlawfully taken.

In cause 10612–1, Ford was convicted of malicious mischief for kicking a hole in the wall of his bedroom at the Raging River Ranch. Witnesses testified that Ford made the hole, but no one mentioned the location of the ranch. On appeal, Ford argues that jurisdiction has not been shown because venue has not been shown. Although counsel appears to confuse venue and jurisdiction, we agree that the latter has not been proved.

■ From the testimony presented, it is apparent that

Raging River Ranch is a group home for boys, that a present resident of Issaquah was a former resident at the ranch and that an employee, who filled in for houseparents on a daily basis, presently lives in Edmonds. However, the trial judge made no finding of fact that the incident occurred in Washington and there is no evidence in the record from which this court may so conclude. "To convict any defendant in a Washington court of a crime, the State must prove it has subject matter jurisdiction over that crime. RCW 9A.04.030." *State v. Brown,* 29 Wn. App. 11, 13, 627 P.2d 132 (1981).

Jurisdiction has not been shown. There is nothing in the record from which to infer jurisdiction and no basis on which to take judicial notice of the location of the Raging River Ranch. We therefore reverse and dismiss. We do not reach the question of whether the evidence is otherwise sufficient to support a conviction.

The conviction for taking and riding in cause 10611–2 is affirmed. The conviction for malicious mischief in cause 10612–1 is reversed and the case is dismissed.

WILLIAMS and CORBETT, JJ., concur.