918 P.2d 173 (1996)
82 Wash.App. 275
STATE of Washington, Respondent,
v.
L.A., Appellant.
No. 36909-1-I.
Court of Appeals of Washington, Division 1.
April 22, 1996.
Publication Ordered June 11, 1996.
Eric Broman, Nielsen & Acosta, Seattle, Colleen O'Connor, Society of Counsel Representing Accused Persons, Seattle, for Appellant.
Carol Murray, King County Pros. Atty. Office, Seattle, for Respondent.
PER CURIAM.
L.A. appeals her conviction for taking a motor vehicle without the owner's permission. She contends that the mere evidence that she was driving the vehicle with a broken rear wing window is insufficient to establish beyond a reasonable doubt that she had knowledge the vehicle had been taken without the permission of the owner. The State concedes error. The concession is accepted.
Limited evidence was offered by the State. The owner of the car testified that it had been taken without his permission. Police officers saw L.A. driving the car the next day. The officers followed her for a few blocks and then activated their emergency lights. L.A. pulled over and did not flee. The officers observed the broken rear wing window, but did not testify as to any other defects or damage to the car. Police took a statement from L.A., but the contents of her statement were not offered.
In the absence of corroborative evidence such as a damaged ignition, an improbable explanation or fleeing when stopped, there is not sufficient evidence to support the finding that L.A. knew the vehicle was taken unlawfully. See State v. Hudson, 56 Wash.App. 490, 495, 784 P.2d 533, review denied, 114 Wash.2d 1016, 791 P.2d 534 (1990) (defendant admitted taking the vehicle from the street without asking anyone where it came from, he had no explanation, and he fled when stopped); State v. Ford, 33 Wash.App. 788, 790, 658 P.2d 36 (1983) (defendant admitted he did not know who owned the car he was driving and he offered no explanation for his possession); State v. Couet, 71 Wash.2d 773, 776, 430 P.2d 974 (1967) (defendant was driving vehicle and gave improbable explanation for his possession). Contrary to the finding by the court, there is no evidence that the vehicle had been driven for a lengthy period of time. The mere fact that L.A. was 14 years old at the time she was stopped and that a rear wing window was broken is not sufficient evidence to establish that she knew the car had been taken without the owner's permission.
The State's concession of error is accepted and the conviction of L.A. is reversed.