83 P.3d 1057 (2004)
STATE of Washington, Respondent,
v.
Steven Ray MUNSON, Appellant.
No. 21476-1-III.
Court of Appeals of Washington, Division 3, Panel Six.
February 12, 2004.
*1058 David N. Gasch, Attorney at Law, Spokane, WA, for Appellant.
Kevin M. Kormso, Brian C. O'Brien, Deputy Prosecuting Attorneys, Spokane, WA, for Respondent.

OPINION PUBLISHED IN PART
SWEENEY, J.
A criminal information for leading organized crime which lists alternate means to organize, manage, direct, supervise, and financeand alternate predicate crimes forgery, theft, and possession of drugs with intent to deliverdoes not require the judge, sitting without a jury, to find all means and all predicates to convict. We reject Steven Munson's argument to the contrary and affirm his conviction for leading organized crime.

FACTS
The State charged Steven Munson with leading organized crime. The information alleged in pertinent part that he:
did intentionally ORGANIZE, MANAGE, DIRECT, SUPERVISE AND FINANCE three (3) persons, to-wit: ... with the intent to engage in a pattern of criminal profiteering activity, to-wit: Forgery, as defined in RCW 9A.60.020 and .030; Theft, as defined in RCW 9A.56.030, .040, .060 and .080; and Possession of a Controlled Substance with Intent to Deliver as defined in RCW 69.50.
Clerk's Papers (CP) at 1 (emphasis added). A trial judge found him guilty following a bench trial. The judge concluded that Mr. Munson intentionally organized, managed, directed, and supervised three or more persons between May 10, 2001 and May 24, 2002 in the criminal enterprise of forgery. CP at 35 (Conclusion of Law 1). And he concluded that Mr. Munson acted with the intent to engage in a pattern of criminal profiteering activityforgery. CP at 36 (Conclusion of Law 2). The judge did not find that Mr. Munson financed the organization. CP at 35 (Finding of Fact 28). Nor did he find that theft or possession of a controlled substance with intent to deliver were part of the criminal activity. CP at 35 (Finding of Fact 29).

DISCUSSION
SUFFICIENCY OF EVIDENCEPROOF OF FINANCING
Our review here is limited to whether the findings of fact support the trial judge's conclusions of law. State v. Alvarez, 105 Wash.App. 215, 220, 19 P.3d 485 (2001). The court's findings are unchallenged and verities on appeal. State v. Pauling, 149 Wash.2d 381, 391, 69 P.3d 331, cert. denied, ___ U.S. ___, 124 S.Ct. 470, ___ L.Ed.2d ___ (2003).
*1059 Leading organized crime requires "[i]ntentionally organizing, managing, directing, supervising, or financing any three or more persons with the intent to engage in a pattern of criminal profiteering activity." RCW 9A.82.060(1)(a) (emphasis added). "Criminal profiteering" is any act committed for financial gain that is chargeable as one of the predicate felonies enumerated in RCW 9A.82.010(4). Forgery is one of those predicate felonies. RCW 9A.82.010(4)(d).
Here, 10 people were involved. They brought stolen account and/or identity information to Mr. Munson. He would then forge checks and direct them to pass the stolen checks for cash, clothing, food, or check-making materials. Mr. Munson forged some identifications to facilitate passing the checks. He called merchant account information to verify funds before sending the check-passers out to pass the forged checks. Mr. Munson occasionally told his charges where they should pass the forged checks. His minions delivered the cash, merchandise, and food purchased with the forged checks to Mr. Munson. Mr. Munson monitored their activities with receipts. And he rewarded their efforts with cash, drugs, food, and shelter. In short, Mr. Munson was in charge of the operation.
Mr. Munson argues on appeal, essentially, that the State had to prove organizing, managing, directing, supervising, and financing since that is what the State charged him with. We disagree. "Where, under a penal statute, a single offense can be committed in different ways or by different means and the several ways or means charged in a single count are not repugnant to each other, a conviction may rest on proof that the crime was committed by any one of the means charged." State v. Dixon, 78 Wash.2d 796, 802, 479 P.2d 931 (1971). The leading organized crime statute sets out the different ways the crime can be committed. RCW 9A.82.060. And each way was charged in a single count. But they are not repugnant to one another. And Mr. Munson makes no argument to the contrary. Charging the various alternatives was then perfectly permissible. See State v. Ford, 33 Wash.App. 788, 789-90, 658 P.2d 36 (1983).
Moreover, there was no jury here. And the trial judge specifically found that the only underlying crime was forgery. The judge's finding evidences no confusion on the proof presented, or the means or underlying criminal activity alleged. And that confusion would be the test. See, e.g., State v. Doogan, 82 Wash.App. 185, 917 P.2d 155 (1996) (finding violation of right to notice of crime charged where "to convict" instructions try defendant under uncharged alternative).
The inclusive list of predicate offenses charged do not become necessary elements of the single crime of "leading organized crime" simply because the State used the word "and" between the three predicate crimes charged in the information. Forgery is one of 39 listed criminal profiteering activities that may serve as the basis for a leading organized crime charge. RCW 9A.82.010(4)(d). A conviction is supported by proof that the crime was committed in one of those ways or means. Ford, 33 Wash.App. at 789-90, 658 P.2d 36. Here, Mr. Munson could have been convicted under any of the alternative criminal activities alleged. The cases cited by Mr. Munson are cases tried to a jury. See State v. Hickman, 135 Wash.2d 97, 102-04, 954 P.2d 900 (1998) (noting that jury instructions not objected to become the law of the case, and thus any unnecessary elements must be proven). There was no jury here. There were no jury instructions. And there was therefore no opportunity to add unnecessary elements which the State then had to prove. Both the proof and argument here focused exclusively on forgery as the predicate criminal enterprise.
The judge's findings here support his conclusion that Mr. Munson led organized crime.
We affirm the conviction.
The remainder of this opinion has no precedential value. Therefore, it will be filed for public record in accordance with the rules governing unpublished opinions. RCW 2.06.040.
WE CONCUR: SCHULTHEIS and KURTZ, JJ.