IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 35438-5-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| CHANDRISS DEE DESHAZO | ) | |
| also known as CHANDRISS D. MILES, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, A.C.J. — Chandriss Dee Deshazo, also known as Chandriss D. Miles,

appeals her conviction for possession of a stolen motor vehicle, arguing the jury was

presented with insufficient evidence of guilt. We disagree and affirm.

FACTS

On December 20, 2016, a silver Pontiac G6 was reported stolen from an auto dealer after it was not returned from a test drive. Six days later, on December 26, Spokane police received a call involving a similar vehicle at an address on Jackson Avenue. The caller stated a man was spray painting the vehicle's bumper black in sub-freezing weather. The caller found the man's activities suspicious, as he was not doing a meticulous job and the weather was not ideal for painting.

An officer went out to the Jackson Avenue address that day to investigate. The officer noticed a silver vehicle on the property and identified it as a Pontiac G6. As he drove past it, the officer could smell fresh paint and noticed that black paint had been sloppily applied to various parts of the Pontiac. The Pontiac did not have a license plate on it. The officer conferred with the caller, a neighbor who was actively watching the Pontiac. The neighbor provided the officer with the number for a magnetized dealer plate that the neighbor had previously seen on the Pontiac. The plate number matched that of the stolen vehicle. The officer then observed a man and a woman walk outside the Jackson Avenue address. Upon conferring with the neighbor, the officer learned that the pair had placed a temporary travel permit on the Pontiac. The officer then saw the

woman leaving the Jackson Avenue address in the Pontiac. At that point, the officer contacted other law enforcement in the area and began following the Pontiac.

The woman driving the Pontiac was Chandriss Dee Deshazo.[1] Officers performed a traffic stop of the Pontiac and ordered Ms. Deshazo out of the vehicle. An investigation of the Pontiac's vehicle identification number confirmed that the vehicle was the one that the dealer had reported as stolen on December 20.

After waiving her *Miranda*[2] rights, Ms. Deshazo made several suspicious statements regarding her association with the Pontiac. Ms. Deshazo stated she had traveled to the Jackson Avenue address to purchase a car, which she had seen advertised for sale on Craigslist for $1,000. However, when one of the officers started to search for the ad using his phone, Ms. Deshazo told him the ad was no longer on Craigslist. Ms. Deshazo said that she had been test driving the car, but was about to return it because the engine had been making a loud knocking noise. Officers did not hear a knocking noise when they reparked the Pontiac. Ms. Deshazo could not provide basic information about the car, such as the make, model, mileage, or year. Ms. Deshazo told officers she

---

[1] The record reveals some confusion as to Ms. Deshazo's true name, specifically whether her last name is "Miles" or "Deshazo." Report of Proceedings (Jan. 24, 2017) at 6. Because the information primarily lists her as "Chandriss Dee Deshazo," our opinion refers to her as such.

[2] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

3

intended to borrow the money for the vehicle purchase from her mother, but could not

provide her mother's contact information. Contrary to what had been previously reported,

Ms. Deshazo denied placing the temporary travel permit on the Pontiac. She also initially

denied knowing the woman who had taken the Pontiac out for a test drive on December

20, but later provided the woman's contact information. When officers told Ms. Deshazo

they intended to visit the Jackson Avenue address, she "was very adamant that [they] not

respond to that location." 3 Report of Proceedings (Apr. 26, 2017) at 416.

Officers detained Ms. Deshazo based on an outstanding Department of Corrections

(DOC) warrant.[3] They then visited the Jackson Avenue address and interviewed the

primary tenant. The tenant told police that the Pontiac was stolen and "that everybody . . .

[there] knew it was stolen." *Id*. at 419-20. When told that Ms. Deshazo claimed she was

buying the Pontiac for $1,000, the tenant laughed and said, "[t]hat's bullshit." *Id*. at 420.

Ms. Deshazo was charged by information with one count of possession of a stolen

motor vehicle. She was convicted by a jury and was sentenced to serve 50 months, 25 in

confinement and 25 in community custody. She now appeals.

---

[3] In briefing to this court, Ms. Deshazo cites her willingness to inform police of her DOC warrant as evidence of her forthcoming nature. However, Ms. Deshazo successfully moved in limine in the trial court to exclude any evidence of the warrant from trial.

ANALYSIS

Ms. Deshazo's sole argument on appeal is that the State failed to produce sufficient evidence to justify her conviction. Specifically, Ms. Deshazo argues the State failed to present sufficient evidence that Ms. Deshazo knew the Pontiac was stolen.

Due process mandates that the State prove each element of the crime charged beyond a reasonable doubt. *State v. Colquitt*, 133 Wn. App. 789, 796, 137 P.3d 892 (2006). Evidence is sufficient to support a conviction if, viewed in the light most favorable to the State, it permits any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. *State v. Kintz*, 169 Wn.2d 537, 551, 238 P.3d 470 (2010). A claim of insufficiency admits the truth of the State's evidence and all reasonable inferences drawn therefrom. *Id*. Circumstantial evidence and direct evidence are equally reliable. *Id*. We defer to the trier of fact on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence. *State v. Thomas*, 150 Wn.2d 821, 874-75, 83 P.3d 970 (2004).

Mere possession of stolen property is insufficient to support a conviction for possession of a stolen vehicle under RCW 9A.56.068. *State v. Couet*, 71 Wn.2d 773, 775, 430 P.2d 974 (1967); *State v. Portee*, 25 Wn.2d 246, 252, 170 P.2d 326 (1946). The State must also prove that the defendant knew the vehicle was stolen. *State v. L.A.*,

82 Wn. App. 275, 276, 918 P.2d 173 (1996). A jury may infer guilty knowledge when the State proves possession of a recently stolen vehicle and provides "slight corroborative evidence of other inculpatory circumstances tending to show guilt." *State v. Ford*, 33 Wn. App. 788, 790, 658 P.2d 36 (1983). One week in time can qualify as recent. *Couet*, 71 Wn.2d at 775.

An inference of guilty knowledge may be supported by evidence of either actual or constructive knowledge. *State v. Rockett*, 6 Wn. App. 399, 402, 493 P.2d 321 (1972). Constructive knowledge is determined by looking at the context surrounding the defendant's acquisition of the vehicle. It is proved by showing the defendant "had knowledge of facts sufficient to put him [or her] on notice that [the goods received] were stolen." *Id*. A jury may infer actual knowledge when the defendant cannot explain his or her possession of a recently stolen vehicle or when an explanation given by the defendant is improbable or unverifiable. *Id*. at 403.

Here, the circumstances surrounding Ms. Deshazo's acquisition and possession of the vehicle, when viewed in the light most favorable to the State, amply support the inference that Ms. Deshazo knew the Pontiac was stolen. Ms. Deshazo's explanation of how she acquired the Pontiac could have been viewed as improbable by the jury. In addition, the poorly, freshly painted black bumper was evidence that would have put

6

Ms Deshazo on notice that someone had attempted to disguise the identity of the Pontiac.

Viewed in the light most favorable to the State, a reasonable juror could infer that Ms.

Deshazo had actual knowledge that the Pontiac was a stolen vehicle when she acquired

possession of it.

## CONCLUSION

Ms. Deshazo's judgment of conviction is affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____, A.C.J.
Pennell, A.C.J.

WE CONCUR:

_____,        _____, J.
Korsmo, J.                       Fearing, J.

7