[No. 39192. Department Two. August 10, 1967.]

THE STATE OF WASHINGTON, *Respondent*, v. MICHAEL L. COUET, *Appellant*.*

*Donald J. Horowitz* (of *Farris, Bangs & Horowitz*), for appellant (appointed counsel for appeal).

*Charles O. Carroll* and *J. Robert Walker*, for respondent.

BARNETT, J.†—A jury found the defendant, Michael L. Couet, guilty of the offense "of Riding in a Motor Vehicle, Knowing the Same to have been Taken Without Permission of the Owner or Person entitled to the Possession Thereof." He has appealed to this court from the judgment of conviction.

A summary of the evidence most favorable to the state follows. On April 25, 1966, a black Chevrolet Impala Super Sport car was discovered to be stolen from the new car lot

*Reported in 430 P.2d 974.

†Judge Barnett is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

of Gene Fiedler Chevrolet Company located in West Seattle. At the time of the theft this car had not been licensed and only 5 or 10 miles were shown on the speedometer.

Within several weeks after the date of the theft, the defendant gave his roommate, Terrence Griffin, a ride in the stolen automobile.

About 7 p.m. on May 16, Officer Oxos of the King County Sheriff's office observed the Chevrolet parked in a drive-in and identified the automobile as one about which he had previously received information. The information was that a black 1966 Chevrolet Impala Super Sport car had been stolen from Gene Fiedler Chevrolet a few weeks previously and was being driven by the defendant. The officer waited for the automobile to leave the drive-in, then he followed it. At one point Officer Oxos pulled up beside the Chevrolet at a traffic light and he observed the defendant as the driver. Officer Oxos followed the car for a short time thereafter, and then contacted the Seattle Police Department and transmitted the information he had obtained.

Later that night Seattle police officers located the Chevrolet parked in the 2300 block of 46th Southwest. The car was held under surveillance by the police for about an hour, however, no one appeared at the car. The police officers then proceeded to the defendant's address, 2336 45th Southwest. The investigating officers were invited into defendant's residence by one of his roommates. The defendant was present and was informed that the officers wanted to talk with him. The defendant agreed to talk with the officers and agreed to go out to the patrol car. He was then told that he should go to the Georgetown precinct station to clear up this matter. The defendant also agreed to this suggestion.

It is clear from the record that defendant was not ordered to go with the police officers to the Georgetown precinct office, but did so voluntarily. He was not placed under arrest until after he arrived at the precinct station and after Deputy Sheriff Oxos identified defendant as the person he saw driving the Chevrolet in question earlier that night.

During the car trip to the precinct station defendant was asked whether he had been in the car that night. Defendant denied being in the vehicle.

The defendant had told his roommates that Bill, a fellow employee at Lockheed Ship Building Corporation, had given him the car to use while Bill was on vacation and that he was to return it when Bill returned from his vacation.

■ The key question presented by the defendant's assignments of error is whether or not the evidence is sufficient to justify the jury in finding defendant had knowledge of the fact that the vehicle was unlawfully taken. It cannot be gainsaid that the jury was entitled to find the vehicle in question was unlawfully taken and the defendant rode in it. Defendant asserts and we agree with him that knowledge of the wrongful taking of the vehicle is an essential element of the crime charged.

We disagree with defendant's assertion that the record is barren of evidence from which the jury could find the defendant had knowledge of the unlawful taking of the vehicle. The evidence shows that the vehicle was in his possession within several weeks after the date of taking. It is true that we have held bare possession of recently stolen property alone is not sufficient to justify a conviction. *State v. Portee*, 25 Wn.2d 246, 170 P.2d 326 (1946). The defendant relies substantially on this rule. However, possession of recently stolen property in connection with other evidence tending to show guilt is sufficient. In the recent case, *State v. Douglas, ante* pp. 303, 306, 428 P.2d 535 (1967), which involved the charge of receiving, concealing or withholding property with knowledge that such property had been unlawfully appropriated from its owner, we said:

> But, as quoted in *Portee, supra* at 253, Wharton says:
>
> > "Mere possession of stolen goods, unaccompanied by other evidence of guilt, is not to be regarded as prima facie evidence of burglary. *But the rule is otherwise when there is indicatory evidence on collateral points.*" (Italics supplied in Portee.)

and Nichols is quoted:

"SUFFICIENCY IN CONNECTION WITH OTHER EVIDENCE. Possession of recently stolen property, in connection with other evidence tending to show guilt, is sufficient to warrant a conviction. When a person is found in possession of recently stolen property, slight corroborative evidence of other inculpatory circumstances tending to show his guilt will support a conviction. When the fact of possession of recently stolen property is supplemented by the giving of a false or improbable explanation of it, or a failure to explain when a larceny is charged, or the possession of a forged bill of sale, *or the giving of a fictitious name,* a case is made for the jury." (Italics supplied by Portee.)

The Washington cases, as discussed in *Portee, supra,* support these text statements. Two of the additional circumstances listed in *Portee* were:

(3) an explanation of a kind that could not be checked or rebutted, and (4) one that a jury could regard as improbable.

It is for the jury to determine whether the element of knowledge was proven, *State v. Salzman,* 186 Wash. 44, 56 P.2d 1005 (1936), and we cannot say, as a matter of law, that it was not proven in this case. The evidence in the record shows that the defendant was in possession of the new car in a relatively short time after it was stolen. The jury could find that the defendant lied to the police officers as to his riding in the car on the night he was arrested. He tells an improbable story that a fellow worker, identified only as "Bill" let defendant have this practically new car while he, the fellow worker, was on vacation. The story is offered without any substantiation. We find that the record reveals far more than a mere scintilla of evidence. The evidence of guilt was substantial and the weight was for the jury.

■ The defendant belatedly contends in his reply brief that his denial of being in the vehicle on the night of his arrest should not be considered a part of the evidence because he made this statement after police detention and he had not been advised of his rights, citing *Miranda v. Ari-*

*zona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 Sup. Ct. 1602 (1966). We need not labor this point. This evidence was first elicited on cross-examination of one of the police officers by defendant's own counsel, hence, the defendant has waived the right, if any, to object. *Ellis v. Wadleigh,* 27 Wn.2d 941, 182 P.2d 49 (1947).

The judgment is affirmed.

FINLEY, C. J., HILL, HUNTER, and NEILL, JJ., concur.