IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 30921-5-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| LAMAR JAY LOOMIS, | ) | |
| | ) | |
| Appellant. | ) | |

KULIK, J. — Lamar Loomis appeals his conviction for first degree trafficking in stolen property contending that the evidence is insufficient to establish the knowledge element of his alleged crime. We affirm the conviction.

## FACTS

On May 4, 2010, Mr. Loomis sold two aluminum truck wheels mounted with tires (mounted wheels) to Kelly Hellewell of J&K Recycling. Mr. Hellewell paid $450 for the mounted wheels. Mr. Loomis also offered to sell approximately 15 to 20 aluminum wheels without tires (unmounted wheels) to Mr. Hellewell. Mr. Hellewell could not use the unmounted wheels and declined the offer.

A few months later, Mark Mizer visited J&K Recycling. Mr. Mizer was looking for property that was taken from his farm sometime around April 28. Among the missing property were 26 aluminum truck wheels. Two of those truck wheels were mounted with steer tires. Mr. Mizer located the two truck wheels with tires at J&K Recycling. Mr. Hellewell identified the wheels as the same mounted wheels that he purchased from Mr. Loomis.

Mr. Loomis was arrested and charged by amended information with trafficking in stolen property in the first degree or, in the alternative, trafficking in stolen property in the second degree, and possessing stolen property in the third degree.

At trial, Mr. Hellewell testified that Mr. Loomis was the person who sold him the mounted wheels. Mr. Loomis was a regular customer who typically sold Mr. Hellewell scrap steel, copper, and aluminum. Mr. Hellewell testified that the only item that he ever bought from Mr. Loomis that was not scrap was the pair of mounted tires.

Mr. Hellewell testified that when he went to look at the tires in the back of Mr. Loomis's van, he saw quite a few aluminum truck wheels, about 15 to 20. Mr. Hellewell said that he did not buy the wheels because they were not the right size. Mr. Hellewell said, "Most everything I had was 22.5, and if I remember correctly, they were all 24.5s." Report of Proceedings (RP) at 155. Mr. Hellewell said that he bought large quantities of

2

rims from commercial companies, but had never bought a quantity of 15 to 20 rims from a private person.

Mr. Hellewell said that Charles "Chuck" Leivan accompanied Mr. Loomis. Mr. Hellewell asked Mr. Loomis how he came to possess the mounted wheels. Mr. Hellewell testified that, "I believe that they told me they were Chuck's uncle's, but I can't—I don't—I believe that's what I remember. I'm not total 100 percent on that." RP at 153.

Mr. Leivan also testified at trial. He agreed to drive Mr. Loomis to J&K Recycling in Mr. Loomis's van because Mr. Loomis did not have a driver's license. When Mr. Leivan arrived at Mr. Loomis's farm to begin the trip, the Mr. Leivan saw four mounted tires in the back of the van, but did not get a close look. He did not help load the mounted wheels in the van. He testified that he did not know where the mounted wheels came from.

Following the close of the State's case, Mr. Loomis moved for a directed verdict on the grounds that there was insufficient evidence to satisfy the knowledge element of the trafficking charge. The trial court denied Mr. Loomis's motion. The court concluded that there was circumstantial evidence of Mr. Loomis's knowledge that the items were stolen. The court noted that there was an unusual amount of property sold by a private individual within six days from the theft.

3

Mr. Loomis presented his defense. Mr. Loomis's father testified that Mr. Loomis scrapped old vehicles for a living and often had wheels left over. Mr. Loomis's mother testified that Mr. Loomis scrapped some of the used farm trucks on her property and that those trucks had aluminum wheels. She did not know what happened to the aluminum wheels after they were removed from the trucks. She did not recognize the mounted wheels that were sold to J&K Recycling.

The jury was instructed on the elements of the charged offenses. The jury was also instructed that a person could not be convicted of both possessing and trafficking the same item of property. Any property found to have been possessed by the defendant for count 3 must be different from any property used to establish the possession element of counts 1 or 2.

The jury found Mr. Loomis guilty of first degree trafficking and third degree possession of stolen property. Mr. Loomis filed a motion for arrest of judgment. Mr. Loomis contended that the evidence was insufficient to support the possession of stolen property charge and to establish the knowledge element of the trafficking charge.

The trial court granted the motion for the possession of stolen property charge. The court found that this charge addressed the unmounted wheels. The court concluded that it was impossible from the evidence to determine that these wheels were stolen. The

unmounted wheels reported stolen by Mr. Mizer were not the same size unmounted wheels that Mr. Loomis attempted to sell Mr. Hellewell. The court dismissed the jury's verdict as to the possession of stolen property.

However, the court declined to grant the motion for the trafficking in stolen property charge. The court addressed this charge in relation to the mounted wheels. The court found that the mounted wheels were sold within a relatively short time after the theft and that this fact with some other corroborating evidence was sufficient evidence to support the jury's finding. The court relied on Mr. Hellewell's testimony that one of the men represented that the tires belonged to Mr. Leivan's uncle and, to the extent that Mr. Leivan made this statement, he did so as an agent of Mr. Loomis. This combined evidence was enough corroborating evidence to support the jury's finding of guilt on the trafficking charge.

Mr. Loomis appeals his conviction. He contends that the court erred in denying his motion to arrest judgment on the first degree trafficking in stolen property charge because sufficient evidence does not support the knowledge element of the crime.

## ANALYSIS

Under CrR 7.4(a), a defendant may file a motion for arrest of judgment when there is insufficient proof of a material element of the crime charged. "A motion in arrest of

judgment challenges the sufficiency of the evidence to take the case to the jury." *State v. Randecker*, 79 Wn.2d 512, 515, 487 P.2d 1295 (1971). The function of this court is to review the evidence and determine whether it is legally sufficient to support the jury's findings. *Id.* (quoting *State v. Long*, 44 Wn.2d 255, 259, 266 P.2d 797 (1954)).

Evidence is sufficient if, after viewing all the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt. *State v. Hermann*, 138 Wn. App. 596, 602, 158 P.3d 96 (2007). The defendant admits the truth of the State's evidence and all inferences that can reasonably be drawn from it, giving equal weight to circumstantial and direct evidence. *Id.* "The State bears the burden of proving all the elements of the crime charged beyond a reasonable doubt." *Id.* We defer to the trier of fact on issues of conflicting testimony, credibility of witnesses, and persuasiveness of the evidence. *State v. Killingsworth*, 166 Wn. App. 283, 287, 269 P.3d 1064, *review denied*, 174 Wn.2d 1007 (2012).

A person commits the crime of trafficking in stolen property in the first degree when he or she knowingly traffics in stolen property. RCW 9A.82.050. The State bears the burden of proving beyond a reasonable doubt that the defendant knew the property was stolen. *Killingsworth*, 166 Wn. App. at 287.

The mere possession of stolen property is not sufficient to sustain a conviction. *State v. Douglas*, 71 Wn.2d 303, 306, 428 P.2d 535 (1967) (quoting *State v. Portee*, 25 Wn.2d 246, 253, 170 P.2d 326 (1946)). "However, possession of recently stolen property in connection with other evidence tending to show guilt is sufficient." *State v. Couet*, 71 Wn.2d 773, 775-76, 430 P.2d 974 (1967). There must be some slight evidence corroborating the defendant's guilt. *Id.* (quoting *Portee*, 25 Wn.2d at 253-54). When possession of recently stolen property is supplemented by the giving of a false or improbable explanation of its possession, the jury may determine that the evidence is sufficient to support a conviction. *Id.* at 776 (quoting *Portee*, 25 Wn.2d at 254).

The trial court did not err by denying Mr. Loomis's motion for arrest of judgment. Substantial evidence supports the jury's finding of guilt. The jury could infer from the circumstantial evidence that Mr. Loomis knew that the two mounted wheels were stolen. First, Mr. Loomis possessed recently stolen property. He sold the mounted wheels within one week after they were stolen. Second, the sale of the two mounted wheels was unusual for Mr. Hellewell. The sale was the first time Mr. Loomis had ever sold anything other than scrap to Mr. Hellewell, despite being a regular customer. Last, the jury could infer that Mr. Loomis misrepresented the original ownership of the mounted wheels. Mr. Hellewell testified that either Mr. Loomis or Mr. Leivan told him that the mounted wheels

7

belonged to Mr. Leivan's uncle. However, Mr. Leivan testified that he did not speak to Mr. Hellewell and that he did not know where the tires and wheels came from. The evidence established that the unmounted wheels belonged to Mr. Mizer.

The evidence is sufficient to establish that Mr. Loomis knew that the unmounted wheels were stolen. Mr. Loomis's possession of the recently stolen property in connection with other evidence tending to show guilt is sufficient to support his conviction.

We affirm.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Kulik, J.

WE CONCUR:

_____        _____
Siddoway, A.C.J.                        Fearing, J.

8