# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>              Respondent,<br><br>      v.<br><br>MATTHEW GLENN GOINS,<br><br>          Appellant. | No. 75235-9-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br>FILED: October 3, 2016 |

TRICKEY, J. — Matthew Goins appeals his convictions for possession of a stolen motorcycle, identity theft, and possession of a stolen credit card. He challenges the sufficiency of the State's evidence for each charge, alleging there is insufficient proof of intent or guilty knowledge. The State argues the evidence permitted inferences that Goins knew the motorcycle and credit card were stolen and that Goins intended to use the credit card to commit a crime.

Because we hold that the jury could reasonably have inferred that Goins knew the motorcycle was stolen and knew the credit card was stolen, we affirm those convictions. But, because Goins's possession of a stolen credit card alone cannot support inferences that Goins intended to commit a crime with it, we reverse his conviction for identity theft.

## FACTS

In January 2014, Jack Dalton's wife's purse was stolen. Dalton's American Express card, which also functioned as his Costco identity card, was in it. He and his wife reported the theft to the police and cancelled the card. Dalton is not sure if there were ever any unauthorized charges made with his card.

In late September 2014, Mary Elmore noticed that her husband's 1982

Honda motorcycle was missing. The motorcycle was intact but not running, due to a problem with the battery. The ignition was intact and the Elmores had all the keys. Mary Elmore reported the theft to the police.

Early in the morning on November 24, 2014, when it was still dark, Officer Jeffrey Robillard responded to a report of a prowler at a house in Tacoma. As he drew near the house, he saw a car parked on the street with its hood up and a tow rope attached to the back. When he got closer to the car, he could see two men near it. He asked the men if they had approached the house; they stated that they had not. Officer Robillard looked around the house, spoke with the residents, and, after finding no one prowling, returned to the men.

Officer Robillard asked them if they needed any help. He noticed that there was also a motorcycle parked in front of the car. The men told Officer Robillard that they had towed the car with the motorcycle. Officer Robillard observed that one of the men, later identified as Matthew Goins, was moving in a way that suggested he was trying to shield the motorcycle's license plate from view. Officer Robillard eventually saw the license plate number and returned to his patrol car to check it. He discovered the motorcycle was stolen.

Officer Robillard arrested Goins. He found methamphetamine in Goins's pocket and Dalton's American Express card in Goins's wallet. Goins first told Officer Robillard that he had been working on the motorcycle and planned to buy it from someone. Then he explained that he had already bought it for $1,000 from someone named Jeremy Rainwater. The motorcycle turned out to be Elmore's. The ignition lock was missing and had to be started by holding wires together.

The State charged Goins with unlawful possession of a stolen vehicle, unlawful possession of a controlled substance, identity theft in the second degree, and possession of stolen property, an access device, in the second degree.

At trial, Goins testified that he had learned about the motorcycle from his friend, who had seen a Craigslist advertisement for its sale. The day before he was arrested he met the seller, named either Jeremy Rainwater or Gainwater, outside a 7-Eleven convenience store and paid cash for it. He testified that, when arrested, he told Officer Robillard he had received a bill of sale, which he claimed was in the glove compartment of the car. He had not been suspicious about the ignition and missing key because it was an old motorcycle and "keys get lost."[1]

Officer Robillard rebutted this testimony and testified that Goins had never mentioned the bill of sale and that Goins originally told him he had purchased the motorcycle weeks before the arrest.

Goins also testified that he had found the American Express card in the street outside a 7-Eleven a few days before he was arrested. He had planned to attempt to return the card to the owner but was arrested before he got the chance. There was an American Express number on the card, but no number to contact Dalton himself. The State did not present any evidence that Goins or anyone else had used the American Express card since it was stolen.

The jury convicted Goins of all charges. He appeals the possession of stolen property, identity theft, and possession of a stolen motor vehicle convictions, but does not appeal his conviction for possession of a controlled substance.

---

[1] Report of Proceedings (RP) at 225.

## ANALYSIS

### Sufficiency of the Evidence

The State must prove all elements of a charged crime beyond a reasonable doubt. State v. Larson, 184 Wn.2d 843, 854, 365 P.3d 740 (2015). When a criminal defendant challenges the sufficiency of the evidence proved against him, we determine whether, viewing the evidence in the light most favorable to the State, "any rational trier of fact could have found guilt beyond a reasonable doubt." State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). We accept as true all the State's evidence and any inferences that the jury could reasonably have drawn from it. Salinas, 119 Wn.2d at 201. But the inferences "cannot be based on speculation." State v. Vasquez, 178 Wn.2d 1, 16, 309 P.3d 318, 325 (2013).

If there is not sufficient evidence to support a defendant's convictions, we must reverse and dismiss those convictions. State v. Hickman, 135 Wn.2d 97, 103, 954 P.2d 900 (1998).

### *Possession of a Stolen Vehicle*

Goins argues that there was insufficient evidence to prove that he knew that the motorcycle was stolen. The State responds that the jury could infer guilty knowledge from the way Goins had to start the motorcycle and the fact that Goins had nothing to document his purchase. We agree with the State.

The jury may convict a defendant of possession of a stolen vehicle if the defendant knowingly possessed the vehicle, knew the vehicle was stolen, and "withheld or appropriated" the vehicle for the use of someone other than the true owner. 11A WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS:

CRIMINAL 77.21 (3d ed. 2008) (WPIC); RCW 9A.56.068, .140(1).

Here, Goins challenges only the sufficiency of the State's proof that he knew the motorcycle was stolen. The State presented evidence from which a jury could reasonably infer that Goins knew the motorcycle was stolen. First, Goins attempted to shield the motorcycle's license plate from Officer Robillard. Second, Goins changed his story about how he acquired the motorcycle. Third, the motorcycle's ignition was broken and Goins had to use wires to start the engine. We hold that there was sufficient evidence for a jury to conclude beyond a reasonable doubt that Goins knew the motorcycle was stolen.

*Possession of Stolen Property*

Goins argues that there was insufficient evidence to prove that he knew that the credit card was stolen. The State responds that we can infer Goins's guilty knowledge from the fact that Goins had the credit card in his wallet and made no attempt to return it. We agree with the State.

The jury may convict a defendant of possessing a stolen access device if the defendant possessed the stolen access device, knew the access device was stolen, and withheld or appropriated the access device for the use of someone other than the true owner. RCW 9A.56.160(1)(c), .140(1); WPIC 77.06. "[B]are possession of recently stolen property alone is not sufficient to justify a conviction." State v. Couet, 71 Wn.2d 773, 775, 430 P.2d 974 (1967). But possession combined with "'slight corroborative evidence'" may justify a conviction. State v. Portee, 25 Wn.2d 246, 253-54, 170 P.2d 326 (1946) (quoting 4 CLARK A. NICHOLS, APPLIED EVIDENCE Possession of Stolen Property § 293, at 3664 (1928)). One

5

circumstance that may corroborate the State's claim that a defendant knew property was stolen is if the defendant offers an explanation of how he came to possess the property which a "jury could regard as improbable." Portee, 25 Wn.2d at 254.

Here, there was very little evidence related to the American Express card. Someone stole Dalton's American Express card in January 2014. Officer Robillard recovered it from Goins in late November 2014. The card was in Goins's wallet. There was no way for Goins to return the card to Dalton directly. The State's case was that Goins had the card in his wallet and that Goins's attempt to explain why it was in his wallet was unreasonable. That is enough corroborating evidence for a jury to infer beyond a reasonable doubt that Goins knew the American Express card was stolen. We affirm Goins's conviction for possession of stolen property in the second degree.

### Identity Theft

Goins also challenges the sufficiency of the evidence to support his identity theft conviction. Specifically, Goins argues that the State cannot show he intended to commit a crime. The State argues that the jury could have reasonably inferred, beyond a reasonable doubt, that Goins intended to commit a crime with the American Express card because he put it in his wallet and did not attempt to return it to the owner. We agree with Goins.

To convict a defendant of identity theft in the second degree, the jury must find beyond a reasonable doubt that the defendant knowingly possessed a means of identification or financial information of another person, and that the defendant

acted with the intent to commit any crime. RCW 9.35.020(1), (3); WPIC 131.06. The jury may infer intent if "the defendant's conduct and surrounding facts and circumstances plainly indicate such an intent as a matter of logical probability." State v. Woods, 63 Wn. App. 588, 591, 821 P.2d 1235 (1991). But possession of contraband alone is not sufficient to infer intent to use that contraband in an illegal way. Vasquez, 178 Wn.2d at 8.

In a forgery case, where the State had to prove intent to injure or defraud, the court held that a defendant's mere possession of a forged identification in his wallet was not sufficient to sustain a conviction. Vasquez, 178 Wn.2d at 13. There, the defendant had a forged Social Security card and permanent resident card with his name on them. Vasquez, 178 Wn.2d at 4-5. The court held that inferring intent from mere possession would relieve the State of its burden to prove every element beyond a reasonable doubt. Vasquez, 178 Wn.2d at 7.

Here, as with the possession of stolen property charge, the State's main argument is that the jury can infer that Goins intended to commit a crime with Dalton's American Express card from the fact that he had the card in his wallet. The State offers, as further proof, that the American Express card also served as Dalton's proof and identification for Costco membership. The card has a small picture of Dalton on the back. Because Goins and Dalton match the same generic physical description, the State argues that the jury could infer that Goins intended to use the card to impersonate Dalton.[2]

But, since having a forged document with the defendant's own name in his

---

[2] Officer Robillard described the picture as of a "white male with short dark hair and a dark goatee." He testified that, at the time of his arrest, Goins had a goatee. RP at 174.

7

wallet was not sufficient to prove that the defendant intended to use the forged documents in Vasquez, Goins's possession of an American Express card that contains a photo resembling him cannot be sufficient to prove he intended to commit a crime with the card. A jury cannot infer intent beyond a reasonable doubt from the State's evidence. Therefore, we reverse Goins's conviction for identity theft in the second degree.

We affirm Goins's conviction for possession of a stolen motor vehicle and possession of stolen property, but reverse and dismiss his convictions for identity theft. We remand for resentencing on the remaining convictions.

Trickey, J.

WE CONCUR:

Cox, J.

8