IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 35168-8-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| SERGIO SAVAS MORENO JR., | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — Sergio Savas Moreno appeals after his conviction for second degree possession of stolen property. He contends the trial court erred in admitting ER 404(b) evidence of other crimes or bad acts, and the evidence is insufficient to sustain his conviction. We affirm.

FACTS

Detective Jeremy Jones of the Pasco Police Department stopped a car for running a stop sign. The car had five occupants, all from Moses Lake, Washington. Mr. Moreno was in the backseat.

During the stop, Detective Jones noticed a methamphetamine pipe in plain view in the front passenger seat. Based on that discovery, he sought and obtained a search

warrant to search the car. During the search, officers found drugs and alcohol containers.

Three of the five occupants were arrested because they had outstanding warrants. Mr.

Moreno did not have an outstanding warrant, so he and the other occupant were allowed

to leave.

> During an inventory search, the officers found several other items:

> Bags stuffed with property, duffle bags. I think some suitcases, just all kinds of storage bags stuffed with property.

> . . . .

> There was coin collections, what appeared to be very rare coins, you know, kept in cases that collectors do to keep them in mint condition. There was stamps in display cases, appeared to be in mint condition, a large amount of stamps, a large amount of coins. There was Disney paraphernalia all over the place. And there was two or three or I can't remember the exact amount model trains that—unopened in the original packaging and mint condition.

Report of Proceedings (RP) at 50-51.

Detective Jones sent out a broadcast to area police agencies, asking whether any

had received a report of stolen items that matched items found in the car. He learned that

Stephen Lybbert reported to the Moses Lake police department that his home had recently

been burglarized, and the burgled items matched the items found in the stopped car.

The State charged two of the car's occupants with trafficking in stolen property.

Both individuals had some of Mr. Lybbert's property on their persons when they were

2

arrested, and one of them had additional property belonging to Mr. Lybbert in that individual's home. The State did not charge Mr. Moreno with any crime at that time.

Two months later, Detective Jones received two voicemails from someone claiming to be Sergio Flores. In the voicemails, the caller asked how he could retrieve property police had taken from him during a traffic stop. The caller provided the police report number and described the items relating to the above incident.

Detective Jones returned the call. The person who answered the phone identified himself as Sergio, claimed ownership of the items, and asked how he could get his property back. Detective Jones spoke with Sergio about the items and told Sergio he could come to the station to retrieve the items. Sergio never came to the station. Detective Jones traced the caller's number to an address. The address belonged to Sergio Moreno.

The State charged Mr. Moreno with one count of second degree possession of stolen property. At trial, Detective Jones testified about the events leading to the discovery of the stolen property, including the initial traffic stop, letting two passengers go for lack of warrants, discovering the drug paraphernalia, and securing the search warrant. He also testified about his discovery that Mr. Lybbert had reported the property as being stolen from his home. Mr. Moreno made only one objection during this

testimony; he raised an unsuccessful hearsay objection when Detective Jones testified he

discovered the reported burglary.

After a recess and outside the presence of the jury, Mr. Moreno objected to Mr.

Lybbert testifying that his home had been burgled. Mr. Moreno, who was not charged

with burglary, argued that relevance that the items were burgled was substantially

outweighed by its prejudice.

The trial court overruled Mr. Moreno's objection. In doing so, it explained:

> So I understand why defense counsel brings this to the Court's attention.
> However, the nature of Mr. Lybbert's testimony is really, if not explicit,
> implicitly telling [the jury] that someone took his property. And it would be
> an easy conclusion for the jurors to draw that that's true, that his property
> was taken from his home, which in essence is a burglary.
> So I think with that, and, [defense counsel], your ability to cross
> examine this witness as to any knowledge he may have as to your client's
> involvement I think will essentially address the issues that you've raised
> from a concern of prejudice.

RP at 86.

Mr. Lybbert testified that he had been on vacation and returned home to find his

collectible trains, coins, and Disney paraphernalia missing. He testified that the items

police found in the car carrying Mr. Moreno belonged to him. Mr. Lybbert testified he

did not know who had stolen the items from his home, but did testify that he had seen Mr.

Moreno before, walking down the street by his home in Moses Lake.

4

The jury found Mr. Moreno guilty of second degree possession of stolen property.

Mr. Moreno appeals.

## ANALYSIS

A.    EVIDENTIARY CONTENTIONS

Mr. Moreno argues that certain evidence should have been excluded by the trial

court under ER 404(b).  The complained of evidence consists of drug paraphernalia found

in the car, the active warrants for some of the individuals in the car, Detective Jones's

testimony that he had learned of the burglary, and Mr. Lybbert's testimony that his home

had been burgled.  The State responds that Mr. Moreno never objected under ER 404(b),

so these purported errors were not preserved.  We agree with the State.

### 1.    *Failure to preserve alleged ER 404(b) errors*

In general, a party may not raise an evidentiary challenge on appeal unless that

challenge was preserved below by a proper objection.  RAP 2.5(a).  One exception is a

manifest error affecting a constitutional right.  RAP 2.5(a)(3).  A claim of evidentiary

error, such as erroneous admission of ER 404(b) evidence, is not of constitutional

magnitude.  *State v. Everybodytalksabout*, 145 Wn.2d 456, 468-69, 39 P.3d 294 (2002).

Mr. Moreno did not object to some of the evidence he now complains about on

appeal.  He did not object to evidence that drugs were found in the car or that some of the

5

car's occupants had active warrants.  In fact, he used that evidence in his closing

argument to buttress his theory that others in the car were guilty of trafficking, not him.

Mr. Moreno did object to Detective Jones's testimony that he learned of the

burglary.   But his objection was a hearsay objection, not an ER 404(b) objection.

Mr. Moreno also objected to Mr. Lybbert's testimony that his home was burgled.

But his objection was an ER 403 objection, that the relevancy the home was burgled was

substantially outweighed by its prejudice.

We conclude that Mr. Moreno failed to preserve the claimed ER 404(b)

evidentiary errors he now raises on appeal.

### 2.      *Alleged ER 403 error*

On appeal, Mr. Moreno intertwines his ER 404(b) argument with an ER 403

argument.  For this reason, we also address whether the trial court erred in overruling Mr.

Moreno's ER 403 objection to Mr. Lybbert's testimony.

Under ER 403, a trial court must exclude evidence if its relevance is substantially

outweighed by its unfair prejudice.  A trial court is not required to weigh relevance and

prejudice on the record, and appellate courts review the claimed error for a manifest

abuse of discretion.  *Carson v. Fine*, 123 Wn.2d 206, 226, 867 P.2d 610 (1994).

Mr. Lybbert's testimony that his missing items were burgled was highly relevant to whether the items were stolen. Evidence that the items were stolen was an element of the State's case. Evidence that a burglary occurred is quite different from evidence that Mr. Moreno committed the burglary. Here, Mr. Lybbert testified to the former, not the latter. The trial court noted this distinction. We conclude the trial court did not abuse its discretion when it determined that Mr. Lybbert's testimony that his home was burgled was not unfairly prejudicial to Mr. Moreno.

B.      SUFFICIENCY OF THE EVIDENCE

Mr. Moreno challenges the sufficiency of the evidence. He claims the State did not prove he knowingly possessed stolen property. We disagree.

In a criminal case, the State must provide sufficient evidence to prove each element of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 316, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). In evaluating the sufficiency of the evidence, the court must determine whether, when viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt. *State v. Pirtle*, 127 Wn.2d 628, 643, 904 P.2d 245 (1995). A claim of insufficiency admits the truth of the State's evidence and all reasonable inferences from that evidence. *State v. Kintz*, 169 Wn.2d 537, 551, 238 P.3d 470 (2010). Reviewing

7

courts also must defer to the trier of fact "on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence." *State v. Thomas*, 150 Wn.2d 821, 874-75, 83 P.3d 970 (2004). This court does not reweigh the evidence and substitute its judgment for that of the jury. *State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980) (plurality opinion). For sufficiency of evidence claims, circumstantial and direct evidence carry equal weight. *State v. Varga*, 151 Wn.2d 179, 201, 86 P.3d 139 (2004).

Knowledge that the item is stolen is an element of second degree possession of stolen property. RCW 9A.56.140, .160. Direct evidence and circumstantial evidence are equally reliable to establish knowledge. *State v. Delmarter*, 94 Wn.2d 634, 638, 618 P.2d 99 (1980). Possession of recently stolen property together with slight corroborative evidence of other inculpatory circumstances will support a conviction for possession of stolen property. *State v. Couet*, 71 Wn.2d 773, 775, 430 P.2d 974 (1967). The other corroborative evidence can consist of a false or improbable explanation or inconsistent explanations. *See State v. Rockett*, 6 Wn. App. 399, 402-03, 493 P.2d 321 (1972).

The central evidence sufficient to sustain Mr. Moreno's conviction comes from his decision to call law enforcement and demand the stolen property. Law enforcement knew the property recovered from the car was stolen and knew that it belonged to Mr. Lybbert. When Mr. Moreno called, he gave a false name and claimed that the property was his and

wanted to reclaim it. Detective Jones invited Mr. Moreno to the station to retrieve the property, but Mr. Moreno never showed. His decision not to reclaim property that he asserted was his, can be considered consciousness of guilt. A reasonable trier of fact could find beyond a reasonable doubt that Mr. Moreno knew the items were stolen and was in active participation with some or all of the car's other occupants.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, C.J.

WE CONCUR:

Korsmo, J.

Pennell, J.

9