# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 54092-4-II |
| Respondent, | |
| v. | |
| BRANDI LYNN EHRLICH-DEFORD, | UNPUBLISHED OPINION |
| Appellant. | |

VELJACIC, J. – Brandi L. Ehrlich-Deford appeals her possession of a stolen motor vehicle conviction, contending the State failed to prove sufficient evidence that Ehrlich-Deford knowingly possessed a stolen vehicle. We affirm her conviction.

## FACTS

Thurston County Sheriff's Office Deputy Mitch King stopped a Honda Civic driven by Ehrlich-Deford for speeding. During the stop, King noticed the vehicle identification number (VIN) plate looked tampered with. He also noticed that the ignition system was hanging out from underneath the steering column. The vehicle had been previously reported stolen. The State charged Ehrlich-Deford with possession of a stolen motor vehicle.

During trial, King testified that on the Civic's dashboard there was a VIN plate that looked "like it had been peeled off of another vehicle and glued onto the dash of this vehicle." Report of Proceedings (RP) (Oct. 1, 2019) at 25. King checked under the hood of the vehicle to compare the VIN located on the car's firewall with the VIN on the dashboard. The numbers did not match.

King testified that the Civic appeared to be painted because the outside was black, but the inside of the doors and hood were grey. He also observed that someone had pulled the ignition system out of the dashboard and that it appeared broken.

The Civic's license plate belonged to another vehicle registered to Ehrlich-Deford. The other vehicle was also a Honda Civic, but a different year. The Civic that Ehrlich-Deford was driving was registered to another individual who reported it stolen five months prior. The Civic's owner testified that when he retrieved his vehicle the next day, he noticed that someone painted the vehicle black and changed the tires and wheels.

In her defense, Ehrlich-Deford called two witnesses who testified that the vehicle that Ehrlich-Deford was stopped in was actually her vehicle. One of those witnesses, Ehrlich-Deford's girlfriend, testified that the ignition was damaged by a friend who borrowed the vehicle.

The jury found Ehrlich-Deford guilty as charged. She appeals.

ANALYSIS

Ehrlich-Deford argues that the State failed to prove beyond a reasonable doubt that she possessed a stolen vehicle because there was insufficient evidence to prove she had knowledge the vehicle was stolen. We disagree.

Due process requires that the State prove every element of the charged offense beyond a reasonable doubt. *State v. Johnson*, 188 Wn.2d 742, 750, 399 P.3d 507 (2017). Evidence is sufficient to support a guilty verdict if any rational trier of fact, viewing the evidence in the light most favorable to the State, could find the elements of the charged crime beyond a reasonable doubt. *State v. Longshore*, 141 Wn.2d 414, 420-21, 5 P.3d 1256 (2000). "In claiming insufficient evidence, the defendant necessarily admits the truth of the State's evidence and all reasonable inferences that can be drawn from it." *State v. Homan*, 181 Wn.2d 102, 106, 330 P.3d 182 (2014).

"We defer to the jury 'on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence.'" *State v. Andy*, 182 Wn.2d 294, 303, 340 P.3d 840 (2014) (quoting *State v. Thomas*, 150 Wn.2d 821, 874-75, 83 P.3d 970 (2004)). Circumstantial evidence and direct evidence carry equal weight. *State v. Varga*, 151 Wn.2d 179, 201, 86 P.3d 139 (2004).

Possession of a stolen vehicle requires that a person "possess a stolen motor vehicle." RCW 9A.56.068(1). And possessing stolen property means to possess property "knowing that it has been stolen." RCW 9A.56.140(1). Mere possession of a stolen vehicle is insufficient to justify a conviction, but possession "'in connection with other evidence tending to show guilt is sufficient.'" *State v. McPhee*, 156 Wn. App. 44, 62, 230 P.3d 284 (2010) (quoting *State v. Couet*, 71 Wn.2d 773, 775, 430 P.2d 974 (1967)).

Taking all facts and inferences in the light most favorable to the State, sufficient evidence exists to establish that Ehrlich-Deford knew that the vehicle was stolen. On the vehicle's dashboard was a VIN plate that looked "like it had been peeled off of another vehicle and glued onto the dash of this vehicle." RP (Oct. 1, 2019) at 25. The vehicle's ignition was pulled out, the vehicle had been recently painted, and its license plate had been switched. Any reasonable juror could infer that a person had knowledge that a vehicle was stolen if the license plates had been switched and the ignition is damaged. *See Homan*, 181 Wn.2d at 106.

Ehrlich-Deford contends that she could not know the vehicle was stolen because the vehicle she was stopped in looked like her vehicle and her vehicle also had a broken ignition, but we leave credibility determinations and the weighing of evidence to the trier of fact. *Andy*, 182 Wn.2d at 303.

Because a reasonable juror could have found that Ehrlich-Deford knew the Civic was stolen, sufficient evidence supports her possession of a stolen vehicle conviction. We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Veljacic, J.

We concur:

Worswick, J.

Glasgow, A.C.J.